[Civ. No. 9859. First Appellate District, Division One.—October 2, 1935.]

ROZELLE L. WILLIAMS, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Dunn, White & Aiken for Petitioner.

McClymonds, Wells & Wilson for Respondent.

KNIGHT, J.—Pursuant to a writ of attachment issued out of the Justice's Court of Brooklyn Township in Alameda County in an action brought by A. S. Downing against L. C. Chambers to recover on a promissory note, the sheriff of said county seized an automobile of which the petitioner herein, Rozelle L. Williams, claimed to be the owner. Thereafter and in conformity with the provisions of section 689 of the Code of Civil Procedure, the latter served upon the sheriff a verified third party claim to the automobile, and the sheriff exacted from Downing an indemnifying undertaking in a sum equal to double the value of the property levied upon. Downing then petitioned the justice's court as provided in said code section to hear and determine the question of title to the automobile. Such a hearing was had at which all parties interested were present, and thereafter, Chambers having defaulted, the justice's court rendered its judgment declaring Chambers to be the owner of the automobile, and that Downing, the plaintiff in the action, do have and recover from Chambers, the amount sued for on said promissory note. Mrs. Williams took an appeal to the superior court on questions of both law and fact, which Downing moved to dismiss; and on April 4, 1935, the motion was denied. About a week later, however, the respondent superior court of its own motion made an *ex parte* order vacating its previous order and granted said motion. Accordingly the appeal was dismissed. Thereupon petitioner instituted the present proceeding in *mandamus* to compel the superior court to set aside its order of dismissal and to hear and determine the appeal.

■ We are of the opinion that petitioner was entitled to maintain the appeal. Section 974 of the Code of Civil Procedure provides: "Any party dissatisfied with the judgment rendered in a civil action in a . . . justice's court, may appeal therefrom to the superior court . . . The notice [of appeal] must state whether the appeal is taken from the whole or a part of the judgment, and if from a part, what part, and whether the appeal is taken on questions of law or fact or both." In the final judgment rendered in the present action the justice's court adjudged, among other things, that the property "described in the 3rd party claim of Mrs. Rozelle L. Williams was the property of L. C. Chambers, defendant", thereby making petitioner a party to the judgment, which by its terms adversely affected the title to property of which she claimed to be the owner; and that being so, her status, in our opinion, fell within the meaning of the opening clause of said section 974, granting to "Any party dissatisfied with the judgment" a right of appeal therefrom.

■ The argument advanced in behalf of the respondent is that legally the result of the determination of the question of title to personal property by a justice's court pursuant to the provisions of said section 689 does not constitute part of the judgment; that said section contemplates a separate summary proceeding, the result of which is not *res judicata;* and that since the code does not specifically provide an appeal from such an adjudication, the sole remedy of an aggrieved third party claimant is by way of an action for conversion. There is no language used in said section 689 implying, however, that such adjudication may not be embodied in the judgment, nor has respondent cited any cases so holding; and it would seem to follow that where it is embraced within and made part of the judgment, a right of appeal therefrom is available under the broad terms of the opening clause of said section 974.

■ It is further contended in support of the dismissal that in any event the adjudication of title in the present case was not made part of the judgment. The entries in the justice's docket, which are controlling in the matter, do not in our opinion sustain this contention. It appears therefrom that all issues involved in the case were disposed of by the

justice on the same day, December 7th; that the words "It is the judgment of the court" preceded the entry of the adjudication of title, which was followed by the adjudication of the indebtedness sued upon, thereby constituting one entire judgment.

Finally, on this point, it may be stated that the uncertainty which has heretofore existed as to whether an appeal lies from a justice's court adjudication of a third party claim to property seized under attachment or execution has been done away with entirely by a 1935 legislative revision of section 689, which now provides, among other things, that "an appeal lies from any judgment determining title under this section, such appeal to be taken in the manner provided for appeals from the court in which such proceeding is had".

█ Nor do we find any merit in respondent's remaining point that the erroneous action of the superior court dismissing the appeal can be reached only on *certiorari,* and cannot be corrected by *mandamus.* As held in the case of *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978], *mandamus* will lie to compel a superior court to proceed with the hearing of a justice's court appeal, when properly taken and the superior court has erroneously dismissed the same upon the ground that it had not acquired jurisdiction thereof.

Upon the grounds and for the reasons stated, it is ordered that the peremptory writ issue herein as prayed.

Tyler, P. J., and Cashin, J., concurred.