[Civ. No. 10629. Second Appellate District, Division One.—May 14, 1936.]

F. O. NELSON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Edward K. Brody and Paul Roast for Petitioners.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondents.

YORK, J.—Petitioners seek by *mandamus* proceedings to compel the respondent court to set aside an order dismissing appeals and to proceed with trials *de novo* in said court.

It appears from the petition for writ of mandate that on April 30, 1935, at a time when there was pending in the Justice's Court of Santa Monica Township an action entitled *Jack L. Horn, Plaintiff,* v. *Anna H. Beardsley, Defendant,* the plaintiff therein caused an attachment to be levied upon certain personal property then in possession of the defendant; that petitioners filed a third party claim to said property, petitioner Chickenoff by virtue of a chattel mortgage thereon, and petitioner Nelson, as vendor in a conditional sales contract. Hearing to determine the title to said property was had on May 16, 1935, and on May 21st default judgment was entered against defendant and in favor of plaintiff in the justice's court action. On May 22, 1935, the court entered its judgment in the proceeding to determine title to the effect that, as between petitioners and defendant in the justice's court action, defendant was the owner of the attached property. Within ten days thereafter petitioners moved the court for a new trial, which motion was denied, and order to that effect was entered on July 27, 1935. Thereafter, to wit, on August 12, 1935, petitioners filed and served their notice of appeal from the judgment determining title, each depositing the sum of $100 cash in lieu of undertaking on appeal. Both appeals were set for trial *de novo* in respondent court on October 7, 1935. Meanwhile, on Septem-

ber 15th, the plaintiff in the original justice's court action, moved the court to dismiss the appeals, which motion was granted, and on September 30th order was entered dismissing the appeals on the ground that the order appealed from was not an appealable order and, hence, that the respondent court had no jurisdiction to entertain the appeals.

In answer to the petition for writ of mandate, respondent court has filed a demurrer based upon two points: (1) "No appeal lies from an order determining title under 689 C. C. P. where order determining title was not embodied in original judgment." (2) "Determination as to title of third-party claimant under 689 C. C. P. was entered by the court on May 22, 1935. Notice of appeal was filed on August 12, 1935, in excess of the thirty-day period allowed by law to appeal. Motion for new trial did not extend time for appeal, as no motion for a new trial lies under the provisions of 689 C. C. P."

The petition filed herein shows that the judgment of the justice's court entered on May 22, 1935, was a final adjudication of title to the property in dispute as between the defendant in the original action and the petitioners now before this court. That being so, petitioners as "dissatisfied" parties were entitled to maintain appeals from such judgment, by virtue of the provisions of section 974 of the Code of Civil Procedure. (See *Williams* v. *Superior Court*, (Cal. App.) 49 Pac. (2d) 1126.) In the cited case the adjudication as to title was embodied in the original judgment, while in the instant case the judgment appealed from was entered subsequent to a judgment of default in favor of plaintiff in the original action. The reasonable conclusion is that this would not affect the right of petitioners to maintain appeals, since the judgment appealed from was a final judgment so far as they were concerned and could not be embodied in a default judgment.

As to respondents' second point, that motion for new trial does not lie under the provisions of section 689, Code of Civil Procedure, we do not believe that petitioners are limited by the provisions of said section. The sections of the code authorizing new trials contain no limitations respecting the character of the action in which they may be granted, and it would appear that a motion for new trial "may be made in any ordinary action or in any proceeding which assumes the character of a civil action, and is properly con-

ducted under the rules governing pleading and procedure in civil actions, in which the determination of issues of fact, raised by ordinary pleadings, are properly involved. But where a complete scheme of procedure is provided by statute from the commencement of a particular action to the entry of judgment, and it expressly provides for an appeal, but makes no provision for a new trial, the latter remedy is not available." (20 Cal. Jur., sec. 6, pp. 16, 17.) While section 689, Code of Civil Procedure, as it read at the time the judgment herein appealed from was rendered, outlined the method of procedure for a third party claimant, it did not expressly provide for an appeal. However, section 34, Code of Civil Procedure, as amended in 1933, makes the provisions relating to new trials applicable to all courts, to wit: "The provisions of this code relating to the commencement and prosecution of, and the practice, procedure, and enforcement of judgments and decrees in, actions and proceedings in trial courts, shall apply to all such courts, except where special provision is made for particular courts, or where a general provision is not applicable by reason of jurisdictional limitations."

In an article entitled "Inferior Courts" in volume 6 of California Jurisprudence Supplement, page 592, section 72, it is said: "The Practice Act expressly gave justices of the peace authority to entertain a motion for new trial, but no such power was granted by the code until recently. By a new section (900b, C. C. P.), adopted in 1929, the chapter of the Code of Civil Procedure relating to new trial was made applicable to proceedings in justices' courts in cities, cities and counties, towns, and judicial townships having a population of 30,000 or more. This section was repealed in 1933, and now by virtue of section 34 as amended in that year the chapter relating to new trial is applicable to proceedings in all justices' courts." Furthermore, section 659a, Code of Civil Procedure, as amended in 1933, provides: "Within ten (10) days after serving the notice (of motion for new trial) the moving party shall serve upon all other parties, and file any affidavits intended to be used upon such motion. Such other parties shall have ten (10) days . . . The time herein specified . . . may . . . be extended by any judge or *justice* for an additional period of not exceeding twenty (20) days." (Italics ours.)

We, therefore, hold that the motion for new trial was properly made, and that it did extend the time for appeal. The demurrer of respondent court is overruled. The petition for writ of mandate is granted, and respondent court is directed to set aside and vacate its order dismissing the appeals and to proceed to hear and determine the same.

Doran, J., concurred.

Houser, P. J., dissented.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1936. Shenk, J., voted for a hearing.