[Civ. No. 2457. Fourth Appellate District.—December 16, 1939.]

HENRY WILSON, as Executor, etc., Respondent, v. OWEN L. DUNBAR, Defendant; GUY DUNBAR, Third Party Claimant and Appellant.

Clarence P. Wallick and Robert E. Krause for Appellant.

Burton E. Hales for Respondent.

BARNARD, P. J.—This is an appeal from an order vacating and striking from the records a previous order granting a new trial on the issue raised by the filing of a third party claim.

On March 31, 1936, the plaintiff brought an action upon a promissory note against the defendant, Owen L. Dunbar. An attachment was issued and levied upon an automobile which was registered in the name of the defendant. The defendant defaulted and judgment was entered against him on May 21, 1936. On April 15, 1936, Guy Dunbar filed a third party claim, claiming to be the owner of this automobile.

After a hearing, properly noticed, judgment was entered on July 24, 1936, in favor of the plaintiff and against the third party claimant. A motion for a new trial was made by the third party claimant and on September 21, 1936, an order was entered granting him a new trial. A notice of motion to strike this order from the records was filed by the plaintiff on August 8, 1938. Such a motion was made and argued and, on August 26, 1938, the same was granted and an order entered striking from the record the previous order granting a new trial. From the order thus entered the third party claimant has appealed.

██ The controlling question presented is whether or not a trial court is authorized by statute, or otherwise, to grant a new trial after judgment determining the rights of a third party claimant in the proceeding authorized and provided for in section 689 of the Code of Civil Procedure. In *Nelson* v. *Superior Court,* 14 Cal. App. (2d) 44 [57 Pac. (2d) 1351], the power of a court to grant a new trial after such a judgment was in effect approved, it being held that a motion for a new trial extended the time within which an appeal might be taken. That case, however, involved a state of facts which arose at a time when section 689 contained little as to the procedure in connection with hearing a third party claim, and did not expressly provide for a right of appeal. It was pointed out therein that a different situation prevails in those instances where a complete scheme of procedure for a particular proceeding is provided by a statute which expressly provides for an appeal but omits any provision for the granting of a new trial.

In 1935, section 689 was amended by adding a number of provisions outlining the procedure to be followed at, and following, a hearing in the proceeding authorized by that section, including one giving a right of appeal from the judgment. Not only is the procedure thus outlined definite and complete, but it varies in a number of respects from that provided for ordinary actions at law or in equity, including the absence of any provision for the seeking or granting of a new trial. There are substantial reasons for such differences since such a hearing to determine title to property claimed by a third party is somewhat in the nature of a supplementary proceeding, and since it is intended to be of a more or less summary nature.

In passing upon an exactly similar question, after the amendment of section 689 in 1935, the Appellate Department of the Superior Court of Los Angeles County, in the case of *Spiegelman* v. *Bowlus,* 15 Cal. App. (2d) (Supp.) 765 [59 Pac. (2d) 225], after outlining the procedure then provided by section 689 for a proceeding of this nature, said:

"It is apparent that the legislature has thus made rather complete and specific provision for the procedure to be followed on a hearing to determine title in case of a third party claim. After judgment, an appeal is expressly authorized. No mention is made of the power to grant a new trial. It is our conclusion that the general power to grant new trials contained in section 657 of the Code of Civil Procedure does not control these special third party claim proceedings. Consequently, there being no inherent power to grant new trials, see *Lancel* v. *Postlethwaite,* (1916) 172 Cal. 326, 329 [156 Pac. 486], the trial court had no authority whatever to make such an order."

We are in accord with the holding in the decision last referred to and with the reasoning therein set forth. In the instant case, the authority of the trial court was limited by the complete scheme of procedure provided by section 689, and it had no power to add to that procedure by considering and acting upon an application for a new trial. Its order, in that regard, was unauthorized and void. The order vacating that unauthorized order was, therefore, proper and may not be disturbed.

In view of our conclusion upon the main problem presented it is unnecessary to pass upon the other points raised.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.