[Civ. No. 14064. Second Dist., Div. Two. Sept. 28, 1943.]

WALTER SCOTT McLANE et al., Appellants, v. CLYDE N. VAN EATON et al., Respondents.

George S. Hupp for Appellants.

Ralph W. Miller and Martin Korstad for Respondents.

WOOD (W. J.), J.—Plaintiffs, assignees of the purchasers under an executory contract for the sale of a parcel of realty, commenced this action to compel specific performance by defendant Storr, to whom the vendor, Van Eaton, had conveyed subsequent to the execution of the executory contract. The trial court denied specific performance and gave a money judgment against defendant Van Eaton. From this judgment plaintiffs appeal.

By the contract in question Mrs. Van Eaton agreed to sell to John W. Mattox the lot in question for the sum of $318 payable at the rate of $10 per month on the fifteenth day of each month, the last payment becoming due on April 14, 1941. The contract was dated June 15, 1938, and was recorded in the office of the county recorder on August 11, 1938. Mattox assigned all of his interest in the contract to plaintiffs on May 15, 1939, by an instrument in writing which was recorded on the same date. The purchasers were delinquent at various times in their monthly payments but all payments were made to Van Eaton and accepted by her to March 1, 1941, on which date the payment of $10 due on February 15, 1941, was made. At that time the balance due was $20.23. Plaintiffs wrote a letter to defendant Van Eaton under date of March 15, 1941,

informing her that they had purchased the property in question and stating that they wished to pay the balance due on the contract upon the delivery of the deed and certificate called for in the contract. To this Mrs. Van Eaton replied by letter dated March 19, 1941, as follows: "Mr. Walter McLane 4300 Whittier Blvd. Los Angeles, Calif Dear Sir:— I would like very much to comply with your request to give Mr. Mattox a deed to the property at 451 So. Downey Rd. but that property is under attachment in a suit filed against Mattox by the California Mutual Discount Company, and I have been served with a court order prohibiting me from executing a deed and requiring that I hold title of the property for satisfaction of the claim upon which Mr. Mattox was sued. The amount of the claim is $318.00 with interest at 7% per annum from June 15, 1938, plus $75 attorney's fees. The case number is 576545 in the Municipal Court of Los Angeles. Enclosed is the card of the company which filed the attachment. Perhaps if you called them some kind of an arrangement can be worked out whereby the property could be released. Under the circumstances, there is nothing I can do until I receive a release from the court. Just for your information, I wrote Mr. Mattox many times during the past three years trying to effect a settlement with him, but was unable to get results. In fact he consistently ignored my letters and my demands. Some several months ago I sold my claim against him and now have nothing to do with the matter. Yours very truly (Mrs.) Clyde Van Eaton."

The present action was commenced on December 11, 1941. It was established at the trial of the action that the property in question had not been subjected to attachment as claimed by Mrs. Van Eaton in her letter. On November 13, 1941, Mrs. Van Eaton addressed a letter to John W. Mattox in which Mattox was notified that she had declared a forfeiture of the contract of sale in question because of the alleged failure of Mattox to comply with the terms and conditions of the agreement. No notice of forfeiture was sent to plaintiffs. On November 14, 1941, Mrs. Van Eaton conveyed the property to defendant Storr, the selling price to him being $425.

The trial court found: "That thereafter, on March 15, 1941, plaintiffs offered to pay said balance due in a communication addressed to defendant Clyde N. Van Eaton, but said defendant refused to accept said offer; and the court finds it is true that on said day and date plaintiffs failed to make said offer effective by depositing in a bank the sum

equal to the balance due thereunder, thereafter giving such deposit to said defendant Clyde N. Van Eaton.'' The court also found that the reasonable value of the property on November 14, 1941, was the sum of $384. A money judgment in the sum of $384 was given against Mrs. Van Eaton.

The briefs contain discussion on the question whether the evidence conclusively shows that defendant Storr acted in bad faith and with full knowledge of the claims of plaintiff when he purchased the property. This point is of little consequence since the contract made between Mrs. Van Eaton and Mattox had been placed on record long before the purchase by Storr. This gave constructive notice to Storr, who took the property subject to the rights of the vendee named in the contract and of his assignees. (Civ. Code, secs. 1213, 1215.) Upon complying with the terms of the contract plaintiffs, as assignees of Mattox, had the right to specifically enforce the obligations of the contract against the vendor and against the grantee of the vendor. Section 3395 of the Civil Code provides: ''Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or encumbrancer in good faith and for value, and except, also, that any such person may exonerate himself by conveying all his estate to the person entitled to enforce the obligations.'' Since defendant Storr had constructive notice of the rights of Mattox and of plaintiffs he cannot be held to be a purchaser in good faith.

The finding of the trial court that plaintiffs had not complied in all respects with the terms of the contract is not supported by the evidence. From the findings it appears that the court was of the opinion that plaintiffs could not be held to have complied with the terms of the contract for the reason that they did not deposit the sum of $20.23 in a bank. In this the court erred. The finding of the court that defendant Van Eaton refused to accept the offer of plaintiffs is supported by the evidence. Her refusal to accept the offer, without any sufficient reason therefor, and without making a specific objection to the sufficiency thereof, made it unnecessary for plaintiffs to take further action. Moreover, regardless of the refusal of Mrs. Van Eaton to accept the offer of plaintiffs, the failure of plaintiffs to make a deposit of the balance due in a bank did not nullify their right to enforce

the terms of the contract. (*Walker* v. *Houston*, 215 Cal. 742 [12 P.2d 952, 87 A.L.R. 737].) Section 1500 of the Civil Code provides: ''An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this state, of good repute, and notice thereof is given to the creditor.'' It will be noted that under this section the obligation to pay is extinguished by the deposit when properly made. Plaintiffs, however, do not claim that their obligation to pay is extinguished but stand ready to pay the balance that is due.

The contract contained the usual provision that ''time is of the essence'' and it is claimed that the failure of plaintiffs to make the last two payments on their due dates supports the finding of the trial court that they did not comply with the terms of the contract. A vendor who accepts payments while his vendee is in arrears with respect to payments due suspends his right to declare a forfeiture, which can be restored only by his giving notice of an intention to require that payments be made thereafter on their due dates. (*La-Chance* v. *Brown*, 41 Cal.App. 500 [183 P. 216]; *Hermosa Beach etc. Co.* v. *Law Credit Co.*, 175 Cal. 493 [166 P. 22]; *Stevinson* v. *Joy*, 164 Cal. 279 [128 P. 751].) The evidence establishes indisputably that Mrs. Van Eaton accepted payments on the contract after they were due, without giving notice of her intention to require strict performance in the future. She was not in position to declare a forfeiture.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.