[Civ. No. 15178. Second Dist., Div. Three. July 22, 1946.]

WALTER SCOTT McLANE et al., Respondents, v. LLOYD J. STORR, Appellant.

Martin Korstad for Appellant.

Barry Sullivan for Respondents.

WOOD, J.—Action for specific performance. Defendant Storr appeals from the judgment that John W. Mattox, the assignee of plaintiffs, should be substituted as plaintiff, and that defendants should convey the property to him.

Under a written contract, dated June 15, 1938, and recorded August 11, 1938, defendant Mrs. Van Eaton agreed to sell to John W. Mattox, and he agreed to buy from her, certain real· property for the sum of $318, payable in installments of $10 per month. Under a written assignment, dated May 15, 1939,

and recorded on that day, Mattox assigned his interest in said contract to plaintiffs McLane. On March 15, 1941, when the balance due under the contract was $20.23, plaintiffs wrote a letter to Mrs. Van Eaton stating that they desired to pay the balance due and obtain a deed to the property. She replied on March 19th stating that she could not comply with the request because the property was under attachment in a law suit, by a finance company, against Mattox, and further that she had sold her claim against him several months previously. On November 14, 1941, she sold and conveyed the property to defendant Storr for $425.

In a prior trial, the judgment of the trial court was that specific performance should be denied, and that plaintiffs should recover $384 (the reasonable value of the property) from defendant Van Eaton. On appeal that judgment was reversed (*McLane* v. *Van Eaton*, 60 Cal.App.2d 612 [141 P.2d 783]), the court holding that specific performance was a proper remedy, that Storr had constructive notice of the contract between Mrs. Van Eaton and Mattox, and that he took the property subject to the rights of Mattox and his assignees, the plaintiffs McLane.

Upon the retrial on December 4, 1944, the evidence was apparently the same in substance as it had been in the former trial, except there was evidence on the retrial: (1) That, after the reversal of the former judgment, each of the plaintiffs McLane had made, executed and delivered to defendant Storr a quitclaim deed whereby each plaintiff quitclaimed all his or her right, title and interest in said property to defendant Storr for a total consideration to both of $25; (2) that plaintiffs McLane, after the quitclaim deeds were executed, gave written instructions to their attorney to dismiss this action; (3) that on March 27, 1942, Mattox paid to the McLanes all the money they had put into the property, and they agreed to assign this cause of action and the contract to Mattox (which was after the complaint was filed on December 11, 1941, and before the first trial was had on September 3, 1942), that on March 11, 1943, they executed a written assignment transferring and assigning all their interest in the action and contract to Mattox, and that said written assignment had been lost.

The trial court found that on March 23, 1942, prior to the execution of the quitclaim deeds from McLanes to Storr, the McLanes had assigned the contract to Mattox, and after said

assignment was made and at the time the quitclaim deeds were executed, the McLanes had no title or interest in said property. The court also found that, at the time Mrs. Van Eaton conveyed the property to Storr in November, 1941, he had actual and imputed notice of the contract from Mrs. Van Eaton to Mattox and the assignment thereof by Mattox to the McLanes.

The judgment was that Mattox was entitled to be and was substituted as plaintiff, that as such plaintiff he was entitled to specific performance of the contract, and that Mrs. Van Eaton and Storr should convey the property to him.

Appellant contends that the evidence was not sufficient to prove an assignment by the McLanes to Mattox. The finding of the trial court that in March, 1942, the McLanes assigned their interest in the contract and action to Mattox, being supported by substantial evidence, is binding upon this court. The written assignment was not produced at the trial, but it was proved as a lost instrument. Mattox testified that about March 11, 1943, he took Mr. and Mrs. McLane to an attorney and had an assignment of the contract and "judgment and everything" made to Mattox. Mr. McLane testified that in 1943 he and Mrs. McLane signed and executed a written assignment of the action and contract to Mattox, and that they acknowledged it before a notary public. Mr. Hupp, one of the attorneys for the plaintiffs, testified that he had had the assignment in his possession; that the last time he saw it was about three weeks before the trial herein, when it was in his office files; that when he looked for it a few days before the trial, he discovered it was lost; that he looked through all his files and could not find it; that the instrument was dated March 11, 1943, signed by Mr. and Mrs. McLane, acknowledged by them before a notary public, and provided in substance as follows: "For value received, I hereby assign the judgment in the case of McLane against Van Eaton and Mattox [sic], and authorize said Mattox to collect all moneys due under said action and deposit in my name, and hereby assign the cause of action involved."

Appellant also contends that if Mattox was the assignee of the McLanes he should have been substituted as plaintiff before or during the trial. He also contends that evidence as to the purported assignment from the McLanes to Mattox should not have been received, since such assignment was after the commencement of the action and there was no

supplemental complaint alleging it. It was not necessary that such substitution be made before or during the trial, or that such assignment be alleged. The assignment having been made, whereby plaintiffs McLane transferred their interest in the contract and the action to Mattox, the litigation could proceed either in the names of the plaintiffs themselves, or a substitution of Mattox as plaintiff could have been made and then the litigation could have proceeded in his name. Section 385 of the Code of Civil Procedure provides in part: "In case of any other transfer of interest, the action . . . may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." In *McCartney* v. *Campbell*, 208 Cal. 647, it was said at page 648 [284 P. 220]: "Consequently, when plaintiff conveyed all her interest in the tract of land . . . the litigation could proceed either in the name of plaintiff herself or substitution may be had and it may proceed in the name of the grantee (sec. 385, Code Civ. Proc.)." In *Curtin* v. *Salomon*, 80 Cal.App. 470 [251 P. 237], wherein it was held proper, after judgment, to substitute an assignee of the plaintiff, the court said at page 475: "The record shows . . . that during the continuance of the action all the rights of the plaintiff were assigned and set over to E. M. Casey. Section 385 of the Code of Civil Procedure expressly provides that in such cases the assignee may be substituted as the party to whose interest he has succeeded, or that the action may be continued in the name of the original party."

Appellant also contends that the giving of the quitclaim deeds by the plaintiffs to him ended the controversy between them, because the title of plaintiffs under the contract from Mrs. Van Eaton to Mattox, which contract had been assigned to them by Mattox, was merged with appellant's claim of title under the deed to him from Mrs. Van Eaton. Since, as above stated, the action could proceed, after the reassignment, in the names of plaintiffs although they were not then the real parties in interest, the giving of the quitclaim deeds did not end the controversy as to the property. Another question, however, which is presented by the giving of the quitclaim deeds, is whether appellant was a bona fide purchaser under those deeds without notice of the assignment from the McLanes to Mattox. That assignment was made prior to the giving of the quitclaim deeds, but the assignment was not recorded. The quitclaim deeds, made in September,

1944, were recorded. The undisputed evidence was that a valuable consideration was paid by appellant for those deeds. If, therefore, appellant took title thereunder as a bona fide purchaser without notice of the claims of Mattox, his rights would be superior to those of Mattox under the unrecorded assignment from the McLanes. ■ The trial court did not make a finding whether or not appellant was such a bona fide purchaser. An examination of the record discloses that this omission is not prejudicial to appellant. A finding that appellant was such a bona fide purchaser would not have been supported by the evidence. ■ The burden was upon appellant to establish his status of bona fide purchaser without notice of the reassignment to Mattox. (*Rabbit* v. *Atkinson,* 44 Cal.App.2d 752, 758 [113 P.2d 14] ; *James* v. *James,* 80 Cal.App. 185, 193 [251 P. 666].) He failed to sustain that burden. Mr. Taylor, who negotiated for the quitclaim deeds, and who was acting for appellant in paying the consideration for them, testified that before the deeds were obtained, appellant said he thought Mr. McLane was acting as a dummy for Mr. Mattox. Although appellant testified at the trial, he did not deny the testimony of Mr. Taylor. Appellant did not testify that he did not have notice or knowledge, before the quitclaim deeds were obtained, that the reassignment had been made. In *Rabbit* v. *Atkinson, supra,* it was said at page 758 : ''Neither the appellant nor his grantor took the witness stand to testify as to whether or not they had notice or knowledge of respondents' rights or claims or that appellant was a purchaser in good faith, without notice, and for a valuable consideration. Appellant failed to sustain the burden of proof that the conveyance to him was taken in good faith and without constructive knowledge, at least, of the interests of respondents.'' Mr. McLane testified that he told Mr. Taylor, at the time he signed the quitclaim deed, that he did not own the property. Mrs. McLane testified that, prior to the signing of the quitclaim deeds, her husband told Mr. Taylor that he did not own any property. Upon the evidence herein the court could not properly have found that appellant was a bona fide purchaser under the quitclaim deeds without notice of the assignment by the McLanes to Mattox.

It was decided on the former appeal, as above stated, and found as a fact on the retrial, that appellant took the deed from Mrs. Van Eaton, executed in November, 1941, with constructive notice of the outstanding contract from Mrs. Van Eaton to Mattox, executed and recorded in 1938.

 Mattox, of course, took the reassignment with knowledge of the deed from Mrs. Van Eaton to appellant, executed in November, 1941, but the McLanes were bona fide purchasers under the assignment to them of the original contract, and Mattox acquired the same status under the reassignment, notwithstanding his knowledge of the earlier deed by Mrs. Van Eaton to appellant.

 The decision on the former appeal that specific performance is a proper remedy herein is the law of the case.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.

A petition for a rehearing was denied August 16, 1946.