[Civ. No. 16787. Second Dist., Div. Three. July 29, 1949.]

JOHN M. GETZ, Appellant, v. ROBERT WHISENANT, Defendant; KENNETH F. WILLIAMS et al., Third Party Claimants and Respondents.

Joseph Shane for Appellant.

Frederick G. Stoehr and Robert J. Johnston for Third Party Claimants and Respondents.

WOOD, J.—By virtue of a writ of attachment issued in this action, the sheriff took possession of a 1948 Hudson automobile. Kenneth F. Williams and Violet E. Williams instituted third party claim proceedings, asserting ownership and right of possession of the automobile. Judgment was in their favor, and plaintiff appeals therefrom.

Appellant asserts that the evidence does not support the judgment.

Defendant Whisenant was a salesman for Mr. Van Norman, who was a building contractor. On March 29, 1948, Mr. and Mrs. Williams, after having had negotiations with defendant as such salesman, entered into a written contract with Mr. Van Norman whereby he agreed to construct a building for them for $54,400—it being provided therein that $3,500 should be paid upon the signing of the contract. On said March 29th, the defendant brought the contract, which had been signed by Mr. Van Norman, to the home of Mr. and Mrs. Williams and gave it to them. Mrs. Williams testified that during the negotiations regarding the contract the defendant (salesman) told the claimants that he had a deal on for the sale of their 1948 Hudson automobile, that he was going to sell it for $3,500 and turn the money back into their construction job. The automobile was new; it had been purchased by claimants in February, 1948, and the certificate of ownership (pink slip) which had been applied for in the names of both claimants had not been received from the Department of Motor Vehicles at the time of the transaction herein. When the contract was

signed on March 29th the defendant gave the claimants a document as follows:

"C. H. VAN NORMAN CONSTRUCTION CO.

14348 Bessemer Street, Van Nuys, California

| Receipt | | Date | 3/29/48 |
|---|---|---|---|
| Plan | 8 units | | |
| Buyer | Kenneth F & Violet E Williams | | |
| Address | 760 El Mira Pasadena | | |
| Phone | Sy 42118 | | |

411 Magnolia So Pasadena

| Lot | | Block | | Tract | |
|---|---|---|---|---|---|
| Sale Price | | | | $54,400 | |
| Deposit | Hudson Sedan as | | | $ 3,500 | |
| Amount to be financed | | | | $50,900 | |
| To be financed by | FHA | | | | |

Representative ROBERT WHISENANT

This is not a contract"

The claimants then gave the automobile keys to the defendant, and he drove the automobile away from their house. Mrs. Williams testified that since she had not received the pink slip, and in order to be relieved of liability for accidents while the automobile was being driven by defendant, she went to the Pasadena office of the Department of Motor Vehicles on March 28th and told a representative of that department "about the transaction"; that the representative gave her a slip of paper or printed form, and told her that in order "to relieve me of any liability while he had the car, to send that in, to show he had it in his possession." The claimants signed that paper on March 29th and then sent it to the Department of Motor Vehicles. Said document was as follows: "This is to advise you that on 3-29-48, I, as registered owner of the vehicle described below, sold or transferred my interest in and possession of said vehicle to Robert Whisenant." Mrs. Williams wrote on the back of said document as follows: "Have told the new owner I will give him the pink slip as soon as you send it to me."

On April 5, 1948, while the automobile was in the possession of defendant Whisenant it was attached by the sheriff by virtue of a writ of attachment issued in this action.

The certificate of ownership and the registration card of the automobile were issued in June, 1948, by the Department of Motor Vehicles in the names of Mr. and Mrs. Williams. They did not endorse or transfer or deliver said certificate or card to the defendant.

On April 21, 1948, at the request of Mr. and Mrs. Williams, Mr. Van Norman instituted third party claim proceedings asserting ownership and right of possession of the automobile. In his claim, he stated that he acquired the automobile from Mr. and Mrs. Williams as a down payment on a construction contract; that Whisenant, acting as agent for him, took legal title in his own name without the consent of Mr. Van Norman; that Whisenant was holding such title in trust for Mr. Van Norman; and that the automobile was of the value of $3,500. At the hearing in those proceedings, on May 14, 1948, the claim of Mr. Van Norman was denied, and it was decided that Whisenant had legal title to the automobile.

The present third party claim proceedings were instituted by Mr. and Mrs. Williams on June 9, 1948, and the hearing thereon was had on July 2, 1948. As above stated, the judgment herein was that Mr. and Mrs. Williams were the owners and entitled to the possession of the automobile.

Prior to signing the contract on March 29th, the claimants herein opened an escrow at a mortgage company where they were to obtain a loan through the Federal Housing Administration. On April 13th, after the contract had been made, Mr. Van Norman went to the mortgage company and entered into the escrow. The automobile which had been taken by Whisenant was not received or accepted by Mr. Van Norman as the down payment under the contract or as any payment. About April 21, 1948, Mr. and Mrs. Williams paid $3,500 in cash as the down payment.

At the hearing herein the claimants introduced in evidence the ownership certificate and the registration card which stated that the claimants were the legal and registered owners of the automobile. This made a prima facie case for claimants. Section 186 of the Vehicle Code provides: ". . . No transfer of the title or any interest in or to a vehicle registered hereunder shall pass and any attempted transfer shall not be effective unless and until the parties thereto have fulfilled

either of the following requirements: (1) . . . The transferor shall have made proper endorsement and delivery of the certificate of ownership and delivery of the registration card to the transferee as provided in this code and the transferee has delivered to the department or has placed in the . . . mail, addressed to the department, such certificate and card when and as required under this code with the proper transfer fee and thereby makes application for a transfer of registration except as otherwise provided in Section 180 [section 180 relates to a transfer to a dealer], or (2) . . . The transferor shall have delivered to the department or shall have placed in the . . . mail addressed to the department the appropriate documents for the registration or transfer of registration of such vehicle pursuant to such sale or transfer except as provided in Section 178." Section 178 provides as follows: "An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another when such owner in addition to the foregoing has fulfilled either of the following requirements: (1) . . . When such owner has made proper indorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code. (2) . . . When such owner has delivered to the department or has placed in the . . . mail, addressed to the department, either a notice as provided in Section 177 or appropriate documents for registration of such vehicle pursuant to such sale or transfer." Said section 177 is to the effect that whenever the owner of a vehicle sells or transfers his title or interest in said vehicle to another, said owner shall immediately notify the department of such sale or transfer giving the date thereof, the name and address of such owner and of the transferee and such description of the vehicle as may be required in the appropriate form provided by the department.

 Appellant (plaintiff Getz) contends that, by reason of the document which claimants sent to the Motor Vehicle Department stating they had sold or transferred the automobile to Whisenant, the claimants are estopped to assert title to the automobile. Appellant argues that the receipt which Whisenant gave claimants for their automobile was not only a legal consideration for their automobile but was full consideration for it; that from a legal standpoint Mr. Van Nor-

man could not successfully deny that the claimants were entitled to a credit of $3,500 on the contract, since the automobile had been transferred to Whisenant; that apparently "the loan people or the escrow people" demanded $3,500 in cash instead of accepting the receipt for the automobile; that if claimants paid $3,500 in cash they did so as a matter of expediency and not as a matter of legal obligation; that claimants should have insisted on their right to a credit of $3,500 on their contract and should have made Mr. Van Norman stand back of the receipt of his agent Whisenant. There were no written findings herein, and they were not required under the provisions of sections 549 and 689 of the Code of Civil Procedure. All intendments are in favor of the judgment. The evidence would have supported findings: that possession of the automobile and the notice of sale or transfer of it were given for the purpose of affording Whisenant an opportunity to sell it for $3,500 and to credit that amount on claimants' construction contract; that it was intended by the giving of such notice that the claimants should not be subject to civil liability for the operation of the automobile while it was in the possession of Whisenant for said above mentioned purpose; and that it was not intended that title to the automobile should pass from the claimants unless and until Whisenant complied with his agreement regarding the sale of the automobile. Whisenant had not paid anything for the automobile, and the claimants had not received any consideration for it. Appellant asserts that Whisenant's commission for obtaining the contract for Mr. Van Norman was $3,500, and that he was entitled to keep the automobile as payment of such commission. There was no evidence before the trial court that his commission was that amount or any amount. It appears, however, from the reporter's transcript of the proceedings in the third party claim of Mr. Van Norman that plaintiff Getz testified therein that Whisenant told him, about a month before the construction contract was made, that he (Whisenant) expected a big deal to come up where he would get a Hudson automobile as his commission. It is also to be noted from that transcript that Mr. Van Norman testified that the commission would have been $500. (The parties herein stipulated that said transcript in the former proceeding might be a part of the record on this appeal, subject to any objections regarding materiality.) Even if the transcript of the former proceedings were to be regarded as a part of the record on

this appeal, it appears from the evidence therein that Whisenant's commission, if any, might not have been more than $500. With reference to appellant's argument that the claimants should have compelled Mr. Van Norman to accept the automobile as the down payment, it is to be noted that the contract between the claimants and Mr. Van Norman provided that $3,500 should be paid upon the signing of the contract; and it is to be noted that the document, signed only by Whisenant, reciting "Deposit Hudson Sedan as $3,500," also stated thereon, "This is not a contract." The ownership certificate and the registration card were issued in the names of claimants in June, 1948, even though the said notice of sale or transfer had been given by the claimants on March 29, 1948. ■ Under some circumstances it may be shown that a person in whose name an automobile ownership certificate is issued holds the legal title to the automobile in trust for another. See *Henry* v. *General Forming, Ltd.*, 33 Cal.2d 223, 226 [200 P.2d 785].) In the case just cited the ownership certificate had been issued in the name of the person who had applied for registration of the new automobile, but that person had not paid any part of the purchase price and had permitted another person, the third party claimant therein, to pay the purchase price upon the understanding that the third party should own and possess the automobile. It was held therein that the person in whose name the ownership certificate had been issued held the legal title in trust for the third party claimant. As above stated, Whisenant had not paid anything for the automobile involved herein, and he had failed to comply with his agreement to sell it. The claimants herein, in whose names the ownership certificate was issued, did not hold the legal title in trust for Whisenant. Even if the notice of sale or transfer, which the claimants sent to the Department of Motor Vehicles, should be regarded as a transfer of the legal title to Whisenant, then under the evidence here he held that title in trust for the third party claimants. ■ The claimants herein are not estopped to assert title to the automobile.

■ Appellant contends further that the issue as to Whisenant's title to the automobile is res judicata by reason of the judgment in the proceedings on the third party claim of Mr. Van Norman. This contention is not sustained. The claimants were not parties to that proceeding. The fact that Mrs. Williams requested him to institute those proceedings does not make the judgment binding upon her or Mr. Williams.

■ Appellant contends that the trial judge arbitrarily, and to the prejudice of appellant's rights, closed the hearing before appellant had completed his case. The attorney for appellant called Mrs. Williams as a witness, under section 2055 of the Code of Civil Procedure, and after an examination covering 30 pages of the transcript he said that he had no further questions. Then there was a discussion of the theories of the case and the law, by the attorneys and the judge, covering nine pages of the transcript. After the judge had asked the witness a few more questions he said that judgment would be for the claimants. Appellant's attorney said he had not completed his case. The judge said: "I beg your pardon, I withdraw my decision. Go right ahead, . . . I thought you were both through." After a further extended discussion of the case and the law by the attorneys and the judge, the attorney for appellant said, "I think we ought to have the testimony of both Whisenant and Van Norman." He had not subpoenaed either of them, and neither one was present. In reply to the judge's question as to how long it would take to get them, he replied that he did not know where they were. The judge asked to see the transcript of testimony of Mr. Van Norman, given in the former hearing, and without objection thereto by either attorney the judge read that testimony. Then after some comments he said, "if you have any other proof I will hear it. If not, I am going to have to rule." The judge had said previously that he had been assigned to another department of the court commencing the next court day, and that the present case "was scheduled to be a short case, supposed to last an hour." The judge stated that he could not see from the testimony of Mr. Van Norman, in the former hearing, where his testimony would do appellant any good if he were present. After further discussion the judge declared "the evidence closed" and ruled in favor of the claimants. The attorney for appellant said, "My client wanted to say something." The appellant said, "I know a little bit about the case."

Appellant commenced the allegedly "short case" without the presence of those two witnesses and without having subpoenaed them. He did not state what testimony he proposed to offer by either of them. The transcript of the previous testimony of Mr. Van Norman was read by the judge, apparently for the purpose of considering whether there should be a continuance. There was ample opportunity to call appel-

lant as a witness, especially during the extended discussions regarding the witnesses who were absent. There was no offer to prove anything by testimony of appellant. The contention that the trial judge erred in closing the case is not sustained.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.