[Civ. No. 7880. Third Dist. Jan. 22, 1951.]

H. GLENN LAWLER, Appellant, v. T. A. SOLUS, Defendant; JOE F. SOTO, Third Party Claimant and Respondent.

Benjamin D. Frantz for Appellant.

John H. Machado for Third Party Claimant and Respondent.

DEIRUP, J. pro tem.—On December 18, 1948, the defendant, T. A. Solus, executed to the plaintiff, H. Glenn Lawler, a mortgage of personal property, including 68 cows. Lawler foreclosed the mortgage and the Sheriff of Santa Clara County, acting under a writ, took possession of the personal property which Lawler claimed was covered by the mortgage.

The property so levied on included seven cows which were branded A° on the right shoulder. Joe F. Soto served upon the sheriff a third party claim for these cows. Lawler filed a petition to determine title to them, pursuant to the provisions of section 689 of the Code of Civil Procedure. After a hearing a judgment was entered in favor of the claimant, Soto. A motion for a new trial was denied upon the ground that such a motion does not lie in a proceeding of this nature. Lawler has appealed upon the grounds that the trial court erred in entering the judgment in favor of Soto and also in denying the motion for a new trial.

■ It appears from the record that Soto acquired title to the cows in July, 1948, and that in September of that year, nearly three months before the mortgage was executed by Solus to Lawler, he left them on Solus's ranch upon an oral agreement that Solus should feed and care for them and, as compensation, should have the milk and calves. This agreement was a ''bailment or feeder agreement covering live stock'' and, not being recorded, it was void as to the interest of Soto as owner and bailor against the chattel mortgage executed by Solus to Lawler if the seven cows were included in the mortgage and if Lawler was a bona fide encumbrancer. (Civ. Code, § 2980.)

■ One who takes a chattel mortgage is protected against prior equities only if he takes it for a valuable consideration and without notice. (Civ. Code, § 2957; *F. C. Silverthorn & Sons* v. *Pacific F. Corp.*, 133 Cal.App. 163 [23 P.2d 798].)

■ Lawler took his mortgage for a valuable consideration but, upon title being shown to be in Soto, the burden was on him to prove that he did not have notice that the cows belonged to Soto. (*McLane* v. *Storr*, 75 Cal.App.2d 459 [171 P.2d 534].) ■ Lawler did not take the stand and testify that he did not have notice of Soto's title when he took the mortgage. His counsel argues that the trial judge misconstrued the evidence in respect to whether notice to Lawler was given before the mortgage was taken or after the foreclosure of the mortgage. There is substantial evidence that the notice was given before the mortgage was executed and ''it was the exclusive province of the trial court to determine the credibility of the witnesses, the weight and effect to be given to the evidence, to consider inferences reasonably deducible from it, and from the conflicting evidence determine the disputed fact.'' (*Rabbit* v. *Atkinson*, 44 Cal.App.2d 752, 758 [113 P.2d 14].) ■ Findings of fact were not filed,

none being required in a proceeding of this kind (*Getz* v. *Whisenant*, 93 Cal.App.2d 182 [208 P.2d 708]), and it must be assumed on appeal from the judgment that every fact essential to the support of the judgment was proved and found by the court.

 The point that the court erred in denying the motion for a new trial is not well taken. A new trial is not authorized in a third party claim proceeding under section 689 of the Code of Civil Procedure. (*Jensen* v. *Hugh Evans & Co.*, 18 Cal.2d 290 [115 P.2d 471]; *Wilson* v. *Dunbar*, 36 Cal.App. 2d 144 [97 P.2d 262]; *Spiegelman* v. *Bowlus*, 15 Cal.App.2d Supp. 765 [59 P.2d 225].)

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1951.