[Civ. No. 24463. First Dist., Div. One. Apr. 11, 1969.]

RONALD CRAWFORD DINGWALL et al., Cross-complainants and Respondents, v. GRACE V. ANDERSON, Crossdefendant; ETHEL SUTTON, Third Party Claimant and Appellant.

Ethel Sutton, in pro. per., Hanson, Bridgett, Marcus & Jenkins and John J. Vlahos for Third Party Claimant and Appellant.

Abraham Setzer for Cross-complainants and Respondents.

MOLINARI, P. J.—This is an appeal by a third party claimant from a judgment denying and disallowing her claim, and from an order denying her motion for reconsideration and to set aside the judgment entered through mistake, inadvertence and surprise. .

On October 13, 1966,[1] the Sheriff of Lake County levied on certain personal property situated in that county. The levy was made by virtue of an execution and order of sale issued out of the Superior Court of the City and County of San Francisco pursuant to a judgment rendered in April against Grace V. Anderson and in favor of Ronald Crawford and Joanne Marie Dingwall. The property, consisting entirely of furniture, was scheduled for sale by the sheriff at public auction on October 21. On October 19, Ethel Sutton delivered a third party claim to the sheriff pursuant to which she claimed the property as her property on the basis that she had acquired it by purchase from Grace V. Anderson in June 1966 for $3,500 and had received a bill of sale therefor.

---

[1] Unless otherwise indicated, all dates have reference to the year 1966.

On October 25 the Dingwalls petitioned the Superior Court of the City and County of San Francisco for a hearing on the third party claim pursuant to Code of Civil Procedure section 689.[2] In their petition the Dingwalls alleged that the property in question belonged to Grace V. Anderson who had leased it to the operators of Wagner Senior Citizens in Lake County. On the same day that the petition was executed and filed, the Dingwalls obtained a court order setting November 3 as the date of the hearing and requiring the presence of the third party claimant at the hearing.[3] An order was also obtained which shortened the time for the service of notice of the hearing, allowing that such notice could be given on or before October 28. On or about October 26, Edward J. Jennings, attorney for the third party claimant in this action, was personally served with the order setting the hearing, requiring the appearance of the third party claimant and shortening the time for notice. These orders were delivered to Jennings by counsel representing the Dingwalls. The hearing on the third party claim was held on November 4,[4] and Jennings asked for a continuance of the matter because the third party claimant was in Louisiana. After offering to continue the matter for one day, the court denied the request for a continuance when counsel for the third party claimant indicated he did not feel there was a sufficient amount involved to justify bringing the claimant from Louisiana by air. Thereafter, judgment was entered against the third party claimant, the court adjudging the title to the property in question to be in the judgment debtor, Grace V. Anderson.

On November 14 the third party claimant filed a "Motion For Reconsideration and To Set Aside Judgment Entered Through Mistake, Inadvertence and Surprise." The basis of this motion was that the trial court abused its discretion in denying her motion for continuance made on November 4, that she was denied due process in violation of her constitutional rights, and that the order entered after denying her motion for a continuance was the result of mistake, inadvertence and surprise. In support of this motion the third party claimant filed a declaration stating that following the filing of the third party claim she went to visit her mother in

---

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[3]The order also called for the attendance of the judgment debtor and the sheriff, in accordance with the requirements of section 689.

[4]Nothing in the record explains why the hearing was held on November 4 rather than November 3 as set out in the order.

Ball, Louisiana; that on October 24 she received a letter from Jennings stating that the third party claim had been filed the day before the sale was scheduled; that when she left California she advised Jennings that she intended to return to California "around election time" and by letter dated October 24 she told him she intended to return the following week; that she neglected to give Jennings her telephone number in Louisiana; and that she did not arrive in California until the evening of November 4. The motion was also supported by a declaration made by Jennings in which he stated that when he was served with the notice of hearing of the third party claim he advised the attorney for the Dingwalls that he intended to ask for a continuance because his client was in Louisiana; that when the case came on for hearing on November 3[5] a discussion was held in chambers in which he advised the trial judge that his client was in Louisiana and requested a continuance until she returned; that he offered to show a bill of sale of the property in question to the judge who refused to examine it; that the judge asked Jennings to pay $250 for opposing counsel's appearance if a continuance was to be obtained; that he refused to do so and stated he could not speak for his client on that matter; that the judge stated he would continue the matter to the next day, November 4, if he could have her in court; that Jennings advised the court that he did not have his client's telephone number and it would be impossible for her to be in San Francisco in so short a time; and that thereupon the judge assumed the bench and denied the motion for a continuance. The motion for reconsideration and to set aside the judgment was denied on November 15.

■ Adverting to section 689 we note, initially, that this section "provides a system for formulating issues when personal property is levied upon. It is a summary proceeding. There is no provision for the granting of a new trial or a rehearing, but an appeal lies from any judgment determining title under this section." (*National Auto. Ins. Co.* v. *Fraties*, 46 Cal.App.2d 431, 432 [115 P.2d 997]; see also *Wilson* v. *Dunbar*, 36 Cal.App.2d 144, 145-146 [97 P.2d 262]; *Lawler* v. *Solus*, 101 Cal.App.2d 816, 819 [226 P.2d 348]; *Jensen* v. *Hugh Evans & Co.*, 18 Cal.2d 290, 296 [115 P.2d 471].)

■ However, although a motion for new trial or rehearing does not lie, a court may relieve a party from such a judgment if it is taken against him through his mistake, inadvert-

---

[5]We note that in this declaration Jennings states that the third party claim came on for hearing on November 3.

ence, surprise, or excusable neglect. (§ 473.) An appeal lies from the denial of a motion based on such mistake, inadvertence or excusable neglect. (See *Sinclair* v. *Baker,* 219 Cal. App.2d 817, 820 [33 Cal.Rptr. 522]; *Felder* v. *Felder,* 247 Cal.App.2d 718, 722 [55 P.2d 780]; *Garcia* v. *City etc. of San Francisco,* 250 Cal.App.2d 767, 770 [58 Cal.Rptr. 760]; and see *Bergloff* v. *Reynolds,* 181 Cal.App.2d 349, 354-356 [5 Cal. Rptr. 461].)

In *Bergloff, supra,* a motion to reconsider an order dismissing an action for lack of prosecution was held to be a motion under section 473 where the motion did not specifically refer to mistake, inadvertence, surprise or excusable neglect as the basis of the relief sought, but the affidavits in support of the motion were basically directed to the matter of the mistake of one of the plaintiff's attorneys.[6] In the instant case the motion for reconsideration stated that it was made on the ground that the order denying the third party claim was "the result of mistake, inadvertence and surprise," and declarations in support of the motion were filed asserting, essentially, that the third party claimant did not appear at the hearing because she had gone to Louisiana and her attorney, although he was in communication with her by mail, was not furnished by her with her telephone number and, therefore, was unable to communicate with her in time for her attendance at the hearing.

In *Stephens* v. *Baker & Baker Roofing Co.,* 130 Cal.App.2d 765, 771 [280 P.2d 39], the appellate court noted that "The very purpose of section 473 is to give a party the opportunity of repairing the damage done because of his failure or that of his counsel to make the showing he could have made, provided, of course, that that failure is due either to mistake, inadvertence, surprise or excusable neglect." Here the third party claimant sought to establish that she failed to make the showing required to establish her claim for the reasons alleged in her declarations. Accordingly, the motion for reconsideration sufficed as a motion under section 473, and, as indicated in the trial court's order denying such motion, was so treated by the court below.

An order denying a motion made pursuant to section 473 will not be reversed in the absence of a clear showing of abuse of discretion. (*Warren* v. *Warren,* 120 Cal.App.2d 396, 400 [261 P.2d 309]; *Garcia* v. *Gallo,* 176 Cal.App.2d 658, 665

---

[6]In *Bergloff, supra,* the memorandum of points and authorities referred only to section 473.

[1 Cal.Rptr. 539].) Such an order, however, is more carefully scanned on appeal than one granting relief. (*Garcia* v. *Gallo, supra*; *Brill* v. *Fox*, 211 Cal. 739, 743-744 [297 P. 25] ; *Karlein* v. *Karlein*, 103 Cal.App.2d 496, 498 [229 P.2d 831].)

 Adverting to the instant case, we note that no claim or showing is made on this appeal that the trial court abused its discretion in denying the motion for reconsideration. The gist of the appeal, rather, is that the third party claimant was denied due process because the court prohibited her from being heard on the question of her rights to the personal property in question, and the thrust of the appeal is that the trial court abused its discretion in failing to grant a continuance of the hearing.

The order denying a continuance is reviewable on the appeal from the judgment denying and disallowing the third party claim. (See *Cohen* v. *Herbert*, 186 Cal.App.2d 488, 490 [8 Cal.Rptr. 922].) Accordingly, we first note the applicable rule that the granting or refusal of a continuance is a matter of discretion with the trial court and its ruling will not be disturbed. (*Cohen* v. *Herbert, supra*; *Whalen* v. *Superior Court*, 184 Cal.App.2d 598 [7 Cal.Rptr. 610] ; *Schlothan* v. *Rusalem*, 41 Cal.2d 414, 417 [260 P.2d 68].) This rule is tempered by the corollary rule that, although the trial court has wide discretion in acting on a motion for a continuance, such discretion may not be arbitrarily exercised. (*Cohen* v. *Herbert, supra*; *Eckert* v. *Graham*, 131 Cal.App. 718, 721 [22 P.2d 44].)

Apropos the instant case, we note the following statements in *Whalen, supra*: "The unavoidable absence of a party does not necessarily compel the court to grant a continuance. In such instance the court should be governed by the course which seems most likely to accomplish substantial justice, and it may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party. [Citation.] [ ¶ ] The right of a party to be present at the trial may be waived where the absence of the party is voluntary and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice, to absent himself. [Citation.]" (184 Cal.App.2d at pp. 600-601; see also *McElroy* v. *McElroy*, 32 Cal.2d 828, 832 [198 P.2d 683] ; *Jaffe* v. *Lilienthal*, 101 Cal. 175, 177 [35 P. 636].)

In the instant case the trial court was dealing with a summary proceeding the purpose of which is to provide a quick and efficient procedure for trying title to personal property. Here the third party claimant immediately, after invoking section 689, left the state. Her attorney, who had eight days' notice of the hearing, made no effort to communicate with third party claimant but instead relied on his expectation that he could obtain a continuance of the hearing. The only showing her attorney made for the continuance was that third party claimant was in Louisiana. As already indicated, this circumstance in and of itself, does not compel a continuance. When the trial court indicated that it would grant a one day's continuance so that third party claimant could come from Louisiana by air, her attorney indicated that the amount involved did not justify the expense.

The showing made at the hearing of the motion for reconsideration added little to the previous showing. The declarations in support of the motion showed that third party claimant went out of the state immediately after filing the claim and that she stated to her attorney that she intended to return to California "around election time." She was, however, in communication with her attorney by mail. Although her declaration states that she neglected to give her attorney her telephone number in Louisiana, no explanation is made why she could not be reached by telegram. Therefore, under the circumstances, we cannot say that the trial court acted arbitrarily or that it abused its discretion. Accordingly, the judgment must be affirmed.

In view of the conclusion reached by us, we need not consider various contentions of the Dingwalls which focus on alleged inadequacies of the third party claim. Moreover, it is the general rule that a respondent in whose favor a judgment is rendered is interested in maintaining the judgment, and he cannot on an appeal of the opposite party ask a court of review to consider any errors against him even though the errors were objected to by him in the trial court and are argued or discussed in his brief. (*Auer* v. *Frank,* 227 Cal. App.2d 396, 404-405 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108]; *Polk* v. *Polk,* 228 Cal.App.2d 763, 772 [39 Cal.Rptr. 824].) The specific exception to this rule provided for in section 956 is not applicable here. We note, furthermore, that the errors complained of by the Dingwalls were not objected to in the court below.

The order denying the motion for reconsideration and to set aside the judgment and the judgment denying and disallowing the third party claim are affirmed.

Sims, J., and Elkington, J., concurred.