ENGLUND et al., Respondents, v. BERG, Appellant
(8 N. W.2d 861.)

(File No. 8584. Opinion filed March 29, 1943.)

**E. J. Turner, Frank R. McKenna,** both of Sisseton, for Appellant.

**Robert D. Jones,** of Milbank, for Respondents.

SMITH, J.   In this action the plaintiffs sought a judgment that the defendant Huldah H. Berg held title to a quarter section of Grant County land as trustee for the heirs and devisees of one Magnus J. Englund, her father.   The defendant Huldah Berg defended on the theory that the land was conveyed to her in fee simple as a gift.   The learned trial court entered findings, conclusions and judgment for the plaintiffs.

The complaint alleged that the father conveyed the property to the daughter and that the deed was recorded. These allegations were admitted by the answer. The daughter interposed a counterclaim in which she alleged that the father conveyed the property to her by warranty deed. This fact was admitted by plaintiffs in their reply.   Notwithstanding this state of the pleadings, the court found that the deed was never delivered and concluded that the daughter had no right, title or interest in the premises. Study of the record indicates that this finding was based upon a statement by the daughter made during cross-examination to the effect that she had never seen the deed until she found it among her father's papers after his death. Other evidence in the case warrants an inference of delivery but we have no occasion to examine into the sufficiency of the evidence.

An issue on the fact of delivery was not tendered for decision.   "The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions * * *, but judicial admissions * * *; i.e., they are not

a means of evidence, but a waiver of all controversy \* \* \* and therefore a limitation of the issues. Neither party may dispute beyond these limits." Wigmore, Evidence, § 1064 and see § 2589. "It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and that the facts which are admitted by the pleadings are to be taken as true for the purpose of the action. So, admissions in the pleadings may render proof of the admitted facts unnecessary, \* \* \* and if countervailing evidence, either through inadvertence or the tacit consent of the parties, is admitted it is entitled to no consideration." 49 C. J. 124 and see Bancroft's Code Pleading, § 429.

A different ruling would utterly destroy the efficacy of pleadings and burden litigants with the necessity of preparing for a trial at large.

■ The finding goes beyond the issues tried, was erroneous and supplies no support for the conclusions and judgment.

The order and judgment of the learned trial court are reversed and the cause is remanded with directions that the trial court make findings of fact, conclusions of law and judgment in response to the issues made up by the pleadings.

All the Judges concur.