GOFF, Respondent, v. GOFF, et al, Appellants

(37 N. W.2d 251.)

(File No. 9009.   Opinion filed April 21, 1949.)

**John T. Milek,** of Sturgis, for Plaintiff and Respondent.

**Thos. G. Wall,** of Sturgis, for Defendants and Appellants.

SMITH, P. J.   In this action to determine adverse claims to real estate the defendant interposed an answer and counterclaim in which he alleged and stated "That on or about the first day of December, 1936, the above named defendant and the above named plaintiff entered into an agreement, wherein the plaintiff agrees to sell, and the defendant agrees to buy that certain parcel of real property described in the complaint in this cause, * * * for the sum of four thousand four hundred sixteen and 10/100 ($4,416.10) dollars, which sum is the amount of a certain judgment of foreclosure on said property, together with interest and accruing costs, issued in favor or the said plaintiff and against the said defendant, and dated the 1st day of December, 1936, and signed by the Honorable A. R. Denu, Judge of the Seventh Judicial Circuit, acting for the Honorable James McNenny, Judge of the Eighth Judicial Circuit, within and for the County of Meade and State of South Dakota;".   The

reply of plaintiff in addition to certain denials contained the following: "Admits that on December 1, 1936, plaintiff was awarded a judgment against the defendant Arthur Goff in the sum of four thousand four hundred sixteen dollars and ten cents, but alleges that the said judgment was in a foreclosure of real estate mortgage and in accordance therewith, in accordance with the statute providing for mortgage foreclosures, plaintiff in due time became the owner of the premises described in the complaint on file herein, and is now the owner thereof and entitled to the possession of the said premises and the whole thereof." There is grave doubt whether the procedure below was sufficient to place a transcript of the testimony before us for consideration. However, assuming the transcript to be a proper part of the record, it shows that plaintiff introduced a sheriff's deed based upon the above described judgment in foreclosure and rested. In the course of the introduction of defendants' testimony and as a part of defendants' cross-examination, defendant testified that he had never been served with process in the foreclosure action. Some time after the trial of said cause and after judgment had been entered, defendant employed his present counsel, and a request was made to the trial court to permit defendant to file requests for findings and conclusions. This permission was granted and among others defendant requested a finding that he had not been served with summons and complaint in the above described foreclosure action, and a conclusion that the judgment and the sheriff's deed were void. These rejected requests and the assignments of error based thereon present the only substantial questions argued on appeal.

By reason of the judicial admissions contained in the pleadings, we are of the opinion that the validity of the judgment in foreclosure was not open to dispute in the cause. Englund v. Berg, 69 S. D. 211, 8 N. W.2d 861.

The judgment of the trial court is affirmed.

All the Judges concur.