BITTERMAN, Appellant v. REINFELD et al., Respondents

(59 N. W.2d 548)

(File No. 9355.  Opinion filed June 25, 1953)

**Danforth, Bleeker & Carlson,** Mitchell, **Wm. H. Glynn,** Parkston, for Plaintiff and Appellant.

**Stewart Sharpe,** Delmont, **L. E. Navin,** Mitchell, for Defendants and Respondents.

SICKEL, J.  This is an action in claim and delivery. On February 6, 1948, Ferdinand G. Bitterman, the plaintiff, and Grant Reinfeld and Ray Reinfeld, defendants, entered into a written contract whereby plaintiff agreed to leave with defendants 37 head of cattle.  It was provided by the agreement that all the calves were to be kept by defendants until they attained the weight of 600 pounds, when settlement was to be made on a fifty-fifty basis.  The term of the contract expired on December 24, 1948.  On the expiration of the term the parties continued to operate under the contract until December 24, 1950.  Prior thereto and on December 14, 1950, plaintiff notified defendants that the contract would be terminated

on December 24, 1950, unless a new contract should be made. The parties were unable to agree on the terms of a new contract, as demanded by plaintiff, and thereupon plaintiff demanded the return of the cattle with one-half of the calves. Full settlement, including the division of the calves, was made between the parties as of December 24, 1950. Thereafter the cattle were left with defendants until April 18, 1951, during which time negotiations for a new contract were carried on. Also during this period defendants kept the cattle as before and 17 additional calves were born to the cows. On April 18, 1951, plaintiff commenced proceedings in claim and delivery and the sheriff took into his possession 46 head of cattle and 17 calves, and delivered them to plaintiff. Plaintiff based his right to possession upon the claim of ownership to all the cows and all of the 17 calves. Defendants answered alleging that the transaction constituted a joint adventure which had not been terminated or settled, and that therefore plaintiff was wrongfully in exclusive possession of the cattle. Defendants also alleged a counterclaim for keeping the cattle during the year in which they had no calves, in the amount of $200; for overweight on one steer, $15; overweight on 9 head of cattle, $201; personal taxes paid by defendants, $133.68; a half interest in the 17 calves born after December 24, 1950, $637.50; care of 16 cows with calf, $800; veterinary fees paid by defendants, $125.

The court decided that the original written agreement was continued by mutual consent of the parties for an additional term of two years, and that the parties had a full settlement according to contract for the entire term of its operation to December 24, 1950; that the defendants were the owners of an undivided one-half interest in the 17 calves born after December 24, 1950, and before the seizure in claim and delivery. The judgment awarded the plaintiff possession of all the cows and half of the 17 calves and awarded defendants the other half of the 17 calves or their value in the sum of $552.50. Plaintiff appealed, but there is no cross-appeal by defendants. The only issue presented on this appeal is whether the court erred in awarding to defendants a half interest in the 17 calves born after December 24, 1950, or their value.

■ The circuit court found that at a pretrial conference the parties stipulated that the contract created a joint enterprise as to the increase of the cattle, and decided that, by reason of the conduct of the parties, the contract was in full force and effect until the time of seizure. While the plaintiff does not dispute the stipulation he says that the court erred in concluding that the contract created a joint enterprise "* * * for the reason that the contract itself was a contract of bailment and under the law must be treated as such regardless of what the findings were or regardless of what the parties may have indicated at a pre-trial conference * * *".

The above stipulation related to the legal effect of a contract, the legal conclusion to be drawn from a state of facts. It was upon a question of law which must be decided by the court, uninfluenced by stipulation of the parties or counsel. Luce v. Ash, 28 S.D. 109, 132 N.W. 708, 60 C.J., Stipulations, § 23; cf. Englund v. Berg, 69 S.D. 211, 8 N.W.2d 861. The legal principles applicable to the facts established at the trial must be applied regardless of any stipulation as to the law of the case that may have been entered into by the parties.

■ ·The agreement signed by the parties and the evidence of what was done in pursuance of it, "* * * clearly point to a bailment—a trust relation arising from lawful possession of property taken with consent of the owner for an agreed time and purpose, and the duty to later account for it to the owner". Edgar v. Parsell, 184 Mich. 522, 151 N.W. 714, 715, Ann.Cas.1917A, 1160; Lawler v. Solus, 101 Cal.App. 2d 816, 226 P.2d 348; Hennen v. Streeter, 55 Nev. 285, 31 P.2d 160; Mahoney v. Citizens' Nat. Bank, 47 Idaho 24, 271 P. 935; National Bank of Gallatin Valley v. Ingle, 53 Mont. 414, 164 P. 535; Simmons v. Shaft, 91 Kan. 553, 138 P. 614; Robinson v. Haas, 40 Cal. 474, 2 Am.Jur., Animals, § 17. By the terms of the agreement the title to the original herd remained in the bailor, and the parties became tenants in common of the increase, share and share alike. Mahoney v. Citizens' Nat. Bank, supra.

■ After December 24, 1950, when the contract and previous extensions had expired, the parties were negotiating a new lease. Defendants refused to sign the kind of a lease

demanded by plaintiff but retained possession of the cattle. The plaintiff refused to extend the old lease but permitted the cattle to remain in the possession of defendants until the commencement of these proceedings on April 18, 1951. The circuit court was justified under the facts in deciding that the lease was not terminated on December 24, 1950, by mutual consent of the parties as claimed by plaintiff. Since defendants owned an undivided half interest in the calves born after December 24, 1950, they were entitled to a decree awarding them half of those calves, or the equivalent in money. It was so decreed by the circuit court.

Judgment affirmed.

All the Judges concur.