Alfred W. BOWERS, Plaintiff and Respondent,

v.

WESTERN LIVESTOCK COMPANY, Inc.
a (domestic) corporation, Defendant and Appellant.

No. 7865.

Supreme Court of North Dakota.

April 21, 1960.

Rehearing Denied May 26, 1960.

Rausch & Chapman, Bismarck, for plaintiff and respondent.

T. F. Murtha, Dickinson, for defendant and appellant.

TEIGEN, Judge.

This is an action brought to recover the sale price of 19 calves sold through the defendant livestock company on the theory of the right to recovery based on Section 36-0512, North Dakota Revised Code of 1943, which reads as follows:

"The operator of each livestock sales ring shall warrant to the purchaser the title of all livestock bought by him through such sales ring and shall be liable to the rightful owner of any livestock sold through the sales ring for the net proceeds in cash received therefor."

The plaintiff, who was the owner of a foundation herd of cattle on January 6, 1947, entered into a livestock agreement in writing with one Peter H. Peterson. The agreement provided Peterson was to pasture, feed and care for the cattle described in the agreement and, as compensation therefor, Peterson was to receive all of the milk from 50% of all of the producing cattle or more if mutually agreed. It also provided as compensation:

"The calf crop shall be divided on a 50–50 basis between the two parties."

The livestock agreement made no provision as to when or how the division of calves should be made. There was no provision preserving ownership of all the calves in the plaintiff.

Calf crops were produced and sales made in each of the years 1947, 1948, 1949 and 1950. The manner, times and places of sale are not clear. The testimony of the plaintiff in this respect does not agree with the testimony of Peter H. Peterson and no other evidence was adduced on the question. One matter, however, is clear and upon which there is no dispute—that the said Peter H. Peterson on October 31, 1951, sold 14 calves, offspring of the foundation herd in his possession, through the defendant Western Livestock Company, and that Western Livestock Company paid Peter

H. Peterson therefor the sum of $2,059.56. It is also undisputed that on December 11, 1951, the said Peter H. Peterson sold through said defendant company 5 calves, offspring of said foundation herd, and received therefor the sum of $433.36 from the defendant. These sales equal a total of $2,492.92.

The plaintiff makes claim to ownership of all of said 19 calves so sold and, therefore, prayed judgment against the defendant for the full sum realized, relying on his right for judgment upon the above statute.

Plaintiff maintains he has a right to recover the full amount, although Peterson had a half interest in the calves by virtue of the livestock agreement, for the reason that prior to the sale he alleges Peterson had transferred his one-half interest therein to the plaintiff, and the plaintiff had become owner of all of said calves. The transfer, he states, was oral and the foundation herd and the calves were left in the possession of Peterson after the transfer and were in Peterson's possession at the time of the alleged sales.

The district court found in favor of the plaintiff for one-half of the proceeds of the two sales, or the amount of $1,246.46.

The learned trial judge in his memorandum opinion stated:

"The plaintiff having retained the entire interest in the foundation herd of cattle which he let to Mr. Peterson, created the relationship of bailor and bailee. * * *

"The plaintiff seeks recovery, not only of his one-half interest in the 1951 calf crop but the entire calf crop, claiming a transfer by Peterson to him of Peterson's one-half interest in the calves in settlement of prior shortages. The plaintiff testified that Peterson agreed to transfer his one-half interest in the calves to the plaintiff upon plaintiff's promise to allow Peterson to retain the foundation herd of cattle for one more year. Peterson denied mak-

ing any such arrangement or transferring his interest in the calves to the plaintiff. From the evidence the Court is unable to state definitely whether title to Peterson's one-half of the 1951 calf crop passed to the plaintiff. The plaintiff had the burden of establishing the ownership of the entire 1951 calf crop. He established only a one-half interest in the same."

The learned trial judge in his memorandum also makes reference to Section 51-0126, North Dakota Revised Code of 1943, which provides that:

"* * * a person having sold goods continues in possession of the goods, * * * the delivery or transfer by that person * * * of the goods * * * under any sale * * * or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner * * * to make the same."

The defendant livestock company appealed demanding a trial de novo in this court. The case was tried to the court without a jury and the appellant has specified that he desires a review of the entire case.

■ We have reviewed the evidence in the case and are agreed that the plaintiff failed to sustain the burden of proof of his claim that Peterson had transferred his one-half interest in the calves to the plaintiff. The plaintiff testified that there had been a shortage of calves in the years previous to 1951; that in 1951 sometime prior to the sale of these calves by the said Peterson, he and Peterson had discussed the matter and that Peterson had agreed that the plaintiff could have all of the said 19 calves.

The plaintiff claims this was a partial settlement for previous shortages. Peter-

son was examined and agreed that there had been an argument relative to shortages in cattle but denied that he had agreed to give the plaintiff his share of the 1951 calf crop. He also denied that there were any shortages. The plaintiff agreed that following this conversation he permitted all of the cattle, including the calves in question, to remain in Peterson's possession and that they were in his possession at the time of the sales in question, the first of which took place about 2½ months after the alleged transfer and the second of which took place about 4 months thereafter. The plaintiff also admits that the alleged transfer was not reduced to writing and that he informed no one else of the alleged transaction. The burden of proof being on the plaintiff, we agree with the district court that the plaintiff had failed in respect thereto.

■ The appellant-defendant argues that the relationship between the plaintiff and the said Peter H. Peterson was such that it constituted a partnership, or a principal-agency relationship, ostensible or real, and that the plaintiff by his omission to take steps to cancel the contract, or to give proper notice, is now estopped to make claim against the defendant livestock company.

The plaintiff argues that a bailor-bailee relationship existed between the plaintiff and the said Peterson as to all of the cattle, including the calf crop in question, and is therefore entitled to recover under the statute. The plaintiff, we believe, sustained his claim that he has received none of the proceeds from the sales in question.

■ The agreement signed by the parties and the evidence of what was done in pursuance of it "* * * clearly point to a bailment—a trust relation arising from lawful possession of property taken with consent of the owner for an agreed time and purpose, and the duty to later account for it to the owner." Bitterman v. Reinfeld, 75 S.D. 73, 59 N.W.2d 548, 549;

Edgar v. Parsell, 184 Mich. 522, 151 N.W. 714, 715, Ann.Cas.1917A, 1160; Lawler v. Solus, 101 Cal.App.2d 816, 226 P.2d 348; Hennen v. Streeter, 55 Nev. 285, 31 P.2d 160; Mahoney v. Citizens' National Bank of Salmon, 47 Idaho 24, 271 P. 935; National Bank of Gallatin Valley v. Ingle, 53 Mont. 414, 164 P. 535; Simmons v. Shaft, 91 Kan. 553, 138 P. 614; Robinson v. Haas, 40 Cal. 474; 2 Am.Jur., Animals, Sec. 17, p. 705; 3 C.J.S. Animals § 16, p. 1107.

It was provided by the livestock agreement that title of the foundation herd, being the breeding stock, was to remain in the bailor. The calf crop was to be divided on a 50–50 basis between the bailor and bailee with no provision for retention of title in any manner or for any period of time. The parties became tenants in common of the increase, share and share alike. Bitterman v. Reinfeld, supra; Mahoney v. Citizens' National Bank, supra; 14 Am. Jur., Cotenancy, Sec. 20, p. 90; 86 C.J.S. Tenancy in Common § 7, p. 364.

■■ Tenants in common hold by several and distinct titles and no privity of estate exists between them. Their interests are several and each owner is considered solely and severally seized of his share and since there is no relationship of

agency between the owners, one cotenant cannot ordinarily dispose of the interest of another unless he is duly authorized to do so. Stevahn v. Meidinger, 79 N.D. 323, 57 N.W.2d 1; 86 C.J.S. Tenancy in Common § 119, p. 527; 14 Am.Jur., Cotenancy, Sec. 82, p. 147. In the absence of authorization or ratification, any attempted transfer by one tenant of the common property, or of any part in excess of his own interest, is not binding upon the cotenants and operates to pass title to nothing more than the seller's own interest. Stevahn v. Meidinger, supra; 14 Am.Jur., Cotenancy, Secs. 84–85, pp. 148–151.

■ It being established that the plaintiff was the owner of an undivided one-half interest in and to the 19 calves sold through the defendant company without authorization, and there being no evidence of ratification, plaintiff is entitled to payment therefor pursuant to Section 36–0512, North Dakota Revised Code of 1943, quoted above.

The judgment of the district court is affirmed.

SATHRE, C. J., and BURKE, MORRIS, and STRUTZ, JJ., concur.