In re **WOODS FARMERS CO–OPERATIVE ELEVATOR COMPANY, Debtor.**

Wayne **DREWES as Bankruptcy Trustee for Woods Farmers Co-operative Elevator Co., Plaintiff,**

v.

Fred A. **CARTER, Rodney Thompson, Marie Thompson, St. Paul Bank for Cooperatives, Dorothy A. Anderson, Norman Sletmoe, Merle Schatzke, Wayne Schatzke, Alex Watt, Jack Christensen, Cleo Brown, Clayton Brown, Wade Motter, Joanne Motter, Wayne L. Heuer, Gordon Pearson, Larry Nesemeier, Bradley Gust, Roger L. Thompson as personal representative of the Marion Thompson Estate, Colfax Farmers Elevator, James E. Nygard, United States of America, acting through Commodity Credit Corp., Roger McDonald, Carmen Lynnes, Lynnes Farms, Roesler Land & Cattle Co., Kent Roesler, Lyle Roesler, Ada Roesler, Kellerman Brothers, Sheldon Farmers Elevator, Orville Pfingsten, Roland Heuer, Gary Dittmer, Allen Solhjeim, Brian McDonald, Al Halvorson and Ron Halvorson, Paul Brakke, Jim Bueling, Ron W. Plath, Land O'Lakes, Inc., Farmers**

Union Central Exchange, Inc., and Pepsi Cola Bottling Co. of Fargo, Inc., Defendants,

v.

**FARMLAND MUTUAL INSURANCE CO., Intervenor.**

Bankruptcy No. 89–05299.
Adv. No. 89–7067.

United States Bankruptcy Court,
D. North Dakota.

Oct. 20, 1989.

Wayne Drewes, Fargo, N.D. Trustee.

Kip M. Kaler, Fargo, N.D. for trustee.

Roger J. Minch, Fargo, N.D. for St. Paul Bank for Co-ops.

Rodney and Marie Thompson, West Fargo, N.D., pro se.

Jay D. Carlson, Fargo, N.D. for James E. Nygard.

John C. Irby, Casselton, N.D., Lowell P. Bottrell, Fargo, N.D., and David L. Johnson, Fargo, N.D., for various grain claimants.

Vicki Aldridge, Fargo, N.D., for USA/CCC.

William Binek, Bismarck, N.D., for North Dakota Public Service Com'n.

Dorothy Anderson, Sheldon, N.D., pro se.

Bruce Carlson, Fargo, N.D., for Farmland Mut. Ins. Co.

Rebecca Theim Benson, Bismarck, N.D., for North Dakota Grain Dealers.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The matters before the court are motions for summary judgment and judgment on the pleadings filed by various defendants. Wayne Drewes, trustee for the estate of Woods Farmers Co-operative Elevator Company, by Complaint filed September 8, 1989, seeks to avoid an alleged statutory lien on grain proceeds pursuant to section 545 of the Bankruptcy Code. Motions for judgment on the pleadings and/or motions for summary judgment were filed by various defendants in this matter. Objections to these various motions were filed by the trustee and St. Paul Bank for Cooperatives. In addition, St. Paul Bank for Cooperatives filed a counter-claim and cross-claim against the trustee and various defendants.

The Debtor, Woods Farmers Co-operative Elevator Company, filed for relief under Chapter 7 of the Bankruptcy Code on April 13, 1989. Prior to filing, the Debtor was a licensed and bonded grain warehouse and storage facility in Leonard, North Dakota. On June 7, 1989, this court authorized that all grain that remained on the Debtor's premises or in space controlled by Woods Condominum Elevator be sold by the trustee. The grain was sold and the proceeds in the amount of $1,603,459.94 were deposited with interest in a separate account. The trustee by the instant action seeks to avoid an alleged statutory lien upon the grain proceeds. The defendants in this present action move for dismissal of the trustee's complaint. All the motions in this case will be treated as motions for summary judgment because a Rule 12(c) motion can be granted only on the pleadings and if outside matter is introduced, the court must treat the motion as one for summary judgment. *Brittian v. Belk Gallant Company,* 301 F.Supp. 477, 478 (D.C. Ga.1969).

Summary judgment is available where the pleadings or other documents on file show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mandel v. United States,* 719 F.2d 963, 965 (8th Cir.1983). When considering motions for summary judgment the weight of authority is that summary judgment may be rendered in favor of the opposing party even though no formal cross motion has been made, providing the facts developed reveal the opponent is entitled to judgment. *National Expositions v. Crowley Maritime Corp.,* 824 F.2d 131, 133 (1st Cir.1987); *British Caledonian Airways, Ltd. v. First State Bank of Bedford, Tex.,* 819 F.2d 593, 595 (5th Cir.1987).

It is with the foregoing standard in mind that the facts and issues as they presently appear will be considered.

1.

At the outset, the court would point out that the grain and subsequent proceeds are "property of the estate", within the jurisdictional parameters of section 541 of the Bankruptcy Code. *See, State of Mo. v. U.S. Bkrtcy. Court,* 647 F.2d 768, 774 (8th Cir.1981). In light of the broad definition of property under section 541 of the Code the possessory interest of the Debtor, in the grain/proceeds, are sufficient to trigger jurisdiction over the property in this bankruptcy court. *Id.* at 774. Whether in fact the grain proceeds are "property of the Debtor" is an issue previously dealt with in an opinion of this court entered October 13, 1989, and which will now be further discussed in the context of the section 545 avoidance powers.

2.

The trustee, by the nature of his complaint, has two primary assertions. First, the trustee asserts that section 60–02–25.1 of the North Dakota Century Code creates a statutory lien upon the grain proceeds. Second, that the trustee has the power to avoid the statutory lien pursuant to section 545 of the Bankruptcy Code. Therefore, in order to address these various motions the court must determine whether North Dakota Century Code

§ 60–02–25.1 creates a lien in favor of the receipt holders on the grain proceeds.

Section 60–02–25.1 provides:

**60–02–25.1. Receipt Holders Lien.** Grain contained in a warehouse, including grain owned by the warehouseman, is subject to a first priority lien in favor of outstanding receipt holders storing, selling, or depositing grain in the warehouse. The lien created under this section shall be preferred to any lien or security interest in favor of any creditor of the warehouseman regardless of the time when the creditor's lien or security interest attached to the grain. Notice of the lien created under this section need not be filed in order to perfect the lien. The lien created by this section is discharged as to grain sold by the warehouseman to a buyer in the ordinary course of business. Such sale does not discharge the lien in favor of an individual receipt holder in the remaining grain in the warehouse. N.D.Cent.Code § 60–02–25.1.

It is clear that section 60–02–25.1 as determined in this court's October 13, 1989, opinion that the subject statute does create a lien in favor of receipt holders. Therefore, once determining that there is a lien on the subject grain proceeds the issue becomes whether such lien may be avoided by the trustee pursuant to section 545 of the Bankruptcy Code.

3.

■ Section 101(47) of the Bankruptcy Code defines "statutory lien" as a lien arising solely by force of statute on specified circumstances or conditions. 11 U.S.C. § 101(47); *Gardner v. Com. of Pa.*, 685 F.2d 106, 109 (3rd Cir.1982). Since the lien created by 60–02–25.1 arises by force of statute it is a statutory lien within the definition of the Bankruptcy Code. 11 U.S.C. § 101(47).

■ In order for the trustee to avoid a statutory lien pursuant to section 545 the lien must be on "property of the debtor". 11 U.S.C. § 545. Generally, all the defendants contend that the trustee's complaint should be dismissed because the grain proceeds are not "property of the debtor."

North Dakota Century Code § 60–02–25 provides in part:

Whenever any grain shall be delivered to any public warehouse and an unconverted scale ticket or warehouse receipt is issued therefor, such delivery shall be a *bailment* and not a sale of the grain so delivered. N.D.Cent.Code § 60–02–25 (emphasis added).

Therefore, pursuant to 60–02–25 any grain delivered to a warehouse for the purpose of *storage* is a bailment whether the storage is evidenced by a scale ticket or warehouse receipt. The North Dakota Supreme Court defines a bailment as:

A trust relation arising from lawful possession of property taken with consent of the owner for an agreed time and purpose, and the duty to later account for it to the owner. *Bower v. Western Livestock Company*, 103 N.W.2d 109, 112 (N.D.1960).

Therefore, by statute and case law the grain owners who deposited grain for storage had a bailment relationship with the Debtor.

■ It is well settled under bankruptcy law that a bailor may recover property held by a debtor as bailee. *In re Ralph Veon, Inc.*, 12 B.R. 186, 188–89 (Bankr.W.D.Pa. 1981). Furthermore, in a bailment relationship, title to the property remains in the bailor and since the trustee takes only the property rights which the debtor/bailee possessed, title to the property does not become a part of the Debtor's estate. *Id.* The court agrees with the defendants that the proceeds represented by a receipt holder are not property of the Debtor because the Debtor has no ownership interest in the grain proceeds, and thus, the trustee may not avoid the statutory lien on such proceeds. However, in earlier hearings the trustee testified that there may be grain owned by the Debtor in the warehouse. Additionally, consistent with this court's previous Order dated October 13, 1989, commodity quantities in excess of receipt totals for that commodity held by individual receipt holders/owners of that commodity is not owned in common by receipt holders of other non-fungible commodities but

instead may be owned by the Debtor, and would therefore constitute "property of the debtor". It is apparent from this court's Order dated October 13, 1989, with the exception of winter wheat and rye, that there is sufficient quantities of commodity type sold to cover the warehouse receipts of like commodity. The excess bushels of individual commodity type, if no distinction is made for grade, is as follows:

| Commodity | Spring Wheat | Corn | Soybeans | Barley | Oats |
|---|---|---|---|---|---|
| Bushels Sold | 36,934.58 | 322,618.43 | 34,795.98 | 242,195.31 | 910.00 |
| Bushels Claimed | 28,562.00 | 275,905.87 | 23,015.07 | 234,945.34 | 81.87 |
| Excess Bushels | 8,372.58 | 46,712.56 | 11,780.91 | 7,249.97 | 828.13 |

The statutory lien created by section 60–02–25.1 runs to "Grain contained in a warehouse, *including* grain owned by the warehouseman ...". N.D.Cent.Code § 60–02–25.1. Therefore, as to the portion of the grain/proceeds which do not constitute bailed property of the receipt holders, the trustee may avoid the fixing of the statutory lien created in section 60–02–25.1 as consistent with section 545.

### 4.

The Bankruptcy Code gives the trustee the power to avoid certain statutory liens pursuant to section 545. Section 545 provides:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien

(1) first becomes effective against the debtor—

(A) when a case under this title concerning the debtor is commenced;

(B) when an insolvency proceeding other than under this title concerning the debtor is commenced;

(C) when a custodian is appointed or authorized to take or takes possession;

(D) when the debtor becomes insolvent;

(E) when the debtor's financial condition fails to meet a specified standard; or

(F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

(3) is for rent; or

(4) is a lien of distress for rent. 11 U.S.C. § 545.

Generally speaking, section 545(1) allows the trustee to avoid the claim of a statutory lien on the Debtor's property if the statutory lien becomes effective upon the initiation of federal bankruptcy proceedings or other defined insolvency conditions. 11 U.S.C. § 545(1). However, section 545(1) does not invalidate the receipt holder's lien in this case. The receipt holder's lien is not defined in terms of the insolvency of the warehouse. N.D.Cent. Code § 60–02–25.1. The receipt holder's lien arises upon delivery and storage of the grain in the subject warehouse. *Id.*

Section 545(2) allows the trustee in bankruptcy to defeat statutory liens if the lien "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case whether or not such purchaser exists." 11 U.S.C. § 545(2). Thus, the

Code invalidates liens that would not be enforceable against a bona fide purchaser, real or hypothetical. *Id.* In addition, a statutory lien is not effective against a claim of a trustee in bankruptcy unless it is perfected prior to filing of a petition in bankruptcy. *Selby v. Ford Motor Company,* 590 F.2d 642 (6th Cir.1979). A lien is not perfected if under state law a bona fide purchaser would receive title superior to the lien holder upon transfer of assets subject to the lien. *Id.* North Dakota Century Code § 60–02–25.1 expressly provides that, "The lien created by this statute is discharged as to grain sold by the warehouseman to a buyer in the ordinary course of business." N.D.Cent.Code § 60–02–25.1. As the Amicus Curiae brief for the North Dakota Grain Dealers Association so aptly points out, every buyer in the "ordinary course of business" is a "bona fide purchaser", but not every bona fide purchaser is a buyer in the ordinary course. The court agrees with this premise, because it is clear that pursuant to state law, the term, "buyer in the ordinary course" encompasses the term bona fide purchaser.[1] Therefore, it logically follows that if the receipt holder's lien is discharged as to a buyer in the ordinary course of business it is also unenforceable against a bona fide purchaser. Thus, section 60–02–25.1 is an avoidable statutory lien pursuant to section 545(2) of the Bankruptcy Code.

In conclusion and as consistent with the above discussion, any grain which was owned by the Debtor and as to which the receipt holder's section 60–02–25.1 lien would attach, is avoided. Accordingly, the defendants' motions for summary judgment of dismissal are granted as to grain proceeds not owned by the Debtor. As to grain proceeds which do not constitute bailed property belonging to receipt hold-

ers, the statutory lien created by North Dakota Century Code § 60–02–25.1 is avoided pursuant to section 545 as a matter of law. Judgment may be entered consistent herewith.

IT IS SO ORDERED.

---

1. The North Dakota Supreme Court has held that a bona fide purchaser is a purchaser in good faith and for value, and must have "acquired title without notice, actual or constructive, of another's rights and also must have paid value for the same." *Wehner v. Schroeder,* 335 N.W.2d 563 (N.D.1983).

North Dakota Century Code § 41–01–11(19) defines a buyer in the ordinary course of business as "a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys an ordinary course from a person in the business of selling goods of that kind...." *Id.* There are more conditions on a buyer in the ordinary course than that of a bona fide purchaser. But it is clear that a bona fide purchaser is encompassed in the term buyer in the ordinary course.