In re WOODS FARMERS CO-
OPERATIVE ELEVATOR
COMPANY, Debtor.

Wayne DREWES, Plaintiff–Appellant,

v.

Fred A. CARTER; Kellerman Bros.; Ro-
land Heuer; Orville Pfingsten; Gary
Dittmer; Sheldon Farmers Elevator;
Colfax Farmers Elevator; Roger Mc-
Donald; Brian McDonald; Roesler
Land & Cattle Co.; Lyle Roesler; Kent
Roesler; Ada Roesler; Carmen Lynnes;
Lynnes Farms; Jack Christensen;
Merle Schatzke; Cleo Brown; Clayton
Brown; Wade Motter; Joanne Motter;
Wayne L. Heuer; Gordon Pearson;
Bradley Gust; Roger L. Thompson, as
personal representative of Marion
Thompson Estate; Al Halvorson; Ron
Halvorson; Wayne Schatzke; Alex
Watt; Larry Nesemeier; Paul Brakke;
Ron W. Plath; Norman Sletmoe; St.
Paul Bank for Cooperatives; James E.
Nygard; United States of America, act-
ing through Commodity Credit Corp.;
Rodney Thompson; Marie Thompson;
Dorothy Anderson; Jim Bueling; Land
O'Lakes, Inc.; Farmers Union Central
Exchange, Inc.; Pepsi Cola Bottling Co.
of Fargo, Inc., Defendants–Appellees,

v.

FARMLAND MUTUAL INSURANCE
CO., Intervenor–Appellee.

In re WOODS FARMERS CO-
OPERATIVE ELEVATOR
COMPANY, Debtor.

Wayne DREWES, Plaintiff–Appellee,

v.

Fred A. CARTER; Kellerman Bros.; Ro-
land Heuer; Orville Pfingsten; Gary
Dittmer; Sheldon Farmers Elevator;
Colfax Farmers Elevator; Roger Mc-
Donald; Brian McDonald; Roesler
Land & Cattle Co.; Lyle Roesler; Kent
Roesler; Ada Roesler; Carmen Lynnes;
Lynnes Farms; Jack Christensen;
Merle Schatzke; Cleo Brown; Clayton
Brown; Wade Motter; Joanne Motter;

Wayne L. Heuer; Gordon Pearson; Bradley Gust; Roger L. Thompson, as personal representative of Marion Thompson Estate; Al Halvorson; Ron Halvorson; Wayne Schatzke; Alex Watt; Larry Nesemeier; Paul Brakke; Ron W. Plath; Norman Sletmoe, Defendants,

v.

### ST. PAUL BANK FOR COOPERA-TIVES, Defendant–Appellant,

James E. Nygard; United States of America, acting through Commodity Credit Corp.; Rodney Thompson; Marie Thompson; Dorothy Anderson; Jim Bueling; Land O'Lakes, Inc.; Farmers Union Central Exchange, Inc.; Pepsi Cola Bottling Co. of Fargo, Inc., Defendants,

v.

### FARMLAND MUTUAL INSURANCE CO., Intervenor.

Nos. 90–5572, 90–5599.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1991.

Decided Oct. 24, 1991.

Rehearing and Rehearing En Banc Denied Nov. 27, 1991.

Kip M. Kaler, Fargo, N.D., for plaintiff-appellant.

Roger Minch, Bruce H. Carlson, Fargo, N.D., William W. Binek, and Rebecca S. Thiem, Bismarck, N.D., argued (Lowell P. Bottrell and Jay Carlson, Fargo, N.D., on the brief), for appellees.

Before ARNOLD and WOLLMAN, Circuit Judges, and RONEY,* Senior Circuit Judge.

WOLLMAN, Circuit Judge.

The district court[1] reversed the bankruptcy court's[2] decision that allowed the bankruptcy trustee to avoid certain state statutory liens. We affirm.

I.

Woods Farmers Co-operative Elevator Company (Elevator) operated a grain warehouse and storage facility in North Dakota. St. Paul Bank for Cooperatives (St. Paul Bank), a secured creditor of the Elevator, financed certain capital improvements and operating expenses for the Elevator. Under state law, farmers received a receipt holder's lien on grain they deposited at the Elevator. Farmland Mutual Insurance Company, the Elevator's bonding company, guaranteed payment to the receipt holders.

Amid financial turmoil, and with the consent of its board and members, the Elevator filed for protection under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the trustee obtained the bankruptcy court's permission to sell the grain stored at the Elevator before it deteriorated. At issue here is the approximately $200,000.00 of proceeds remaining from the sale. St. Paul Bank contends that the money from the grain sale constitutes proceeds from inventory collateral and is therefore subject to its security interest. Unpaid receipt holders, however, contend that their statutory lien takes priority over St. Paul Bank's security interest.

Wayne Drewes, the bankruptcy trustee, filed a complaint pursuant to section 545 of the Bankruptcy Code. The complaint sought to avoid the statutory liens held by the receipt holders on proceeds from the sale of the grain. The bankruptcy court ruled that section 545 empowered the trustee to avoid the state statutory liens. On appeal, the district court reversed and held that the trustee's status as a bona fide purchaser under section 545 was not sufficient to avoid the liens.

Drewes appeals this decision, arguing that the statutory lien may be avoided by the trustee under section 545(2) of the Bankruptcy Code. In what it has denominated a cross-appeal, St. Paul Bank joins in the trustee's argument.

II.

■ We review the bankruptcy court's conclusions of law *de novo*. Bankr.R. 8013; *Wegner v. Grunewalt*, 821 F.2d 1317, 1320 (8th Cir.1987). Furthermore, as the second reviewing court, we review *de novo* all factual and legal conclusions made by the district court and conduct an independent review of the bankruptcy court judgment. *Wegner*, 821 F.2d at 1320.

III.

"The nature, extent, and validity of [a] statutory lien are matters governed by state law." *In re Pierce*, 809 F.2d 1356, 1359 (8th Cir.1987) (citing *In re Sea Catch, Inc.*, 36 B.R. 226, 228–230 (Bankr.D.Alaska 1983)). The North Dakota statute grants a first priority lien in favor of receipt holders who store, sell, or deposit grain in a warehouse. N.D.Cent.Code § 60–02–25.1 (1985). The statute further provides in part that:

> The lien created under this section shall be preferred to any lien or security interest in favor of any creditor of the warehouseman regardless of the time when the creditor's lien or security interest attached to the grain. * * * *The lien created by this section is discharged as to grain sold by the warehouseman to a buyer in the ordinary course of business.*

*Id.* (emphasis added).

The Bankruptcy Code allows the bankruptcy trustee to avoid certain statutory liens. Section 545(2) states:

---

* The HONORABLE PAUL H. RONEY, United States Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

2. The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—* * * (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 545(2) (1979 & Supp.1991). This section grants the bankruptcy trustee the status of a hypothetical bona fide purchaser. *In re Pierce*, 809 F.2d at 1359.

### IV.

■ Under North Dakota law, a bona fide purchaser and a buyer in the ordinary course of business are treated differently. A bona fide purchaser is a purchaser who in good faith, and for value, acquires title without actual or constructive knowledge of another's rights. *Wehner v. Schroeder*, 335 N.W.2d 563, 565 (N.D.1983). A buyer in the ordinary course of business, in contrast, is a bona fide purchaser who must also satisfy additional requirements. For example, the bona fide purchaser must also buy "in the ordinary course from a person in the business of selling goods of that kind." N.D.Cent.Code § 60–02–25.1. As the bankruptcy court observed, "[t]here are more conditions on a buyer in the ordinary course than that of [sic] a bona fide purchaser." *In re Woods Farmers Co-op. Elevator Co.*, 107 B.R. 689, 694 n. 1 (Bankr.D.N.D.1989). Thus, under North Dakota law, each buyer in the ordinary course of business is also a bona fide purchaser. The converse, however, is not true: a bona fide purchaser is not necessarily a buyer in the ordinary course of business.

■ The bankruptcy trustee may avoid a statutory lien only to the extent that the lien is unenforceable against a real or hypothetical bona fide purchaser. The statutory lien created by section 60–02–25.1, however, is unenforceable only against a buyer in the ordinary course of business, which is something more than a bona fide purchaser. *See Farmers Livestock Exch. v. Ulmer*, 393 N.W.2d 65, 70 (N.D.1986) (North Dakota law requires more conditions of a buyer in the ordinary course of business than a bona fide purchaser). Therefore, because the lien created by section 60–02–25.1 of the state statute is enforceable against an ordinary bona fide purchaser, the trustee may not avoid these statutory liens under section 545(2) of the Bankruptcy Code.

The judgment of the district court is affirmed.